THEUS & MARBURY v. M. JIPSON.

(No 2381.)

APPEAL from Navarro County. Opinion by WILLSON, J.

W. J. McKIE and J. L. BURGESS, counsel for appellants.

No counsel appeared for appellee.

3w231
§ 189
3w460

§ **189.** *Account; not admissible in evidence; case stated.* Appellants sued appellee to recover a balance alleged to be due upon an account for goods, etc., sold and delivered him.   Upon the trial, appellant Theus testified that the account was, within his knowledge, true and correct in every particular, in debits, credits, items and dates.   It appears, however, from his testimony that his knowledge of the account was derived solely from the account books of his firm, and that he had no knowledge of the actual sale and delivery of any of the goods, the same having been sold and delivered by clerks of the firm.   Appellants then offered to read in evidence the account sued on, and referred to in the testimony of Theus, to which appellee objected upon the ground that said account was not evidence, which objection was sustained.   *Held:* The court did not err in rejecting the account as evidence.   It was

a mere transcript from appellants' account books and was not evidence *per se*. It is true that the witness Theus testified that he had compared said account with the account books, and found it to be a correct copy from the books. But no predicate was laid for the admission in evidence of even the account books, and unless they were admissible much less would a copy therefrom be admissible. It was not proved that said account books had been correctly kept, and that the entries therein were made in the regular course of business. [W. & W. Con. Rep. §§ 377, 1717; 2 W. Con. Rep. §§ 615, 616.] If the account had been verified under article 2266, Revised Statutes, it would have been evidence, but appellants did not avail themselves of the benefit of this statute, and not having done so, it devolved upon them to prove their account in the manner provided at common law, which they failed to do.

§ 190. *Admission of an account stated, admissible in evidence in suit on open account.* Appellants offered to prove that they had had a settlement with appellee prior to the institution of this suit, and that upon said settlement he admitted that he owed them the amount sued for. This proposed evidence was rejected upon the ground that there was no allegation in the petition which would warrant its admission, as the petition declared upon an *open account*, and the proposed evidence was with reference to an *account stated*. *Held* error. This suit is to recover the balance due upon an account. It is alleged in the petition that said balance was due and owing by appellee to appellants. Appellants were certainly entitled to prove this allegation by appellee's admissions. That the proposed evidence would prove an account stated, and therefore show a different cause of action than the one declared upon, is not such a variance between allegation and proof as would defeat recovery. In fact we perceive no substantial difference between the cause of action declared upon and the facts proposed to be proved. In both the cause of action is the unpaid

balance of an account due. The admission of appellee that he owed said balance is *proof* of this cause of action, and not the cause of action itself. It is not necessary in a pleading to state the evidence by which the cause of action is to be established. [Wells v. Fairbanks, 5 Tex. 581.] The cause of action in this case is, that appellee owed appellants the balance of an account which he refused to pay. Appellants proposed to prove this cause of action by appellee's own admission. We cannot perceive the reason of the rule which would exclude such evidence.

November 20, 1886.          Reversed and remanded.